IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROEH ISRA EL *
      Plaintiff,
v. * CIVIL ACTION NO. WMN-16-1442

AGENTS FOR INTERNATIONAL *
MONETARY FUND INTERNAL REVENUE
SERVICE *
DISTRICT DIRECTOR, SPECIAL
PROCEDURES FUNCTION OFFICER *
AND THEIR PRINCIPAL
GOVERNOR OF INTERNATIONAL *
MONETARY FUND
AKA SECRETARY OF THE TREASURY *
      Defendants.
*****

**MEMORANDUM**

On May 13, 2016, the Court received for filing a fee-paid Complaint filed by self-represented Plaintiff Roeh Isra El, ("Isra El") a resident of Highland, Maryland. Isra El raises claims of defamation, involuntary servitude, and property deprivation under Admiralty Law. The cause of action raises barely understandable claims regarding Defendants' "tax actions" in the Circuit Court for Howard County.[1] ECF No. 1. Isra El seemingly claims that his arrest damaged his good name and caused him to be placed in a position of involuntary servitude. *Id.*

Because Isra El is proceeding as a self-represented litigant, the Court must liberally construe his Complaint allegations. *See e.g., Erickson v. Pardus,* 551 U.S. 89, 94 (2007). This Court,

---

[1] Isra El cites to *State v. Israel,* Case Number 13K15056212. The state court docket reveals that Isra El was charged with several traffic violations in the District Court for Howard County, prayed a jury trial and on May 18, 2016, entered an *Alford* Plea in the Circuit Court for Howard County to one count of driving a motor vehicle while his license was suspended. *See State v. Israel,* Case Number 13K15056212 (Circuit Court for Howard County). He was sentenced to 30 days in jail, all suspended, and one month of supervised probation, to be terminated upon payment of his ticket(s) and his obtaining a valid license. All other counts were nolle prossed. (docket copy attached).

however, is not required to conjure up questions never squarely presented to it.[2] *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Further, a pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Although self-represented pleadings must be "liberally construed" and "held to less stringent standards than those by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a Complaint need not contain detailed allegations. The facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Because Isra El is not proceeding in forma pauperis, no statutory screening is authorized under the in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(2). Nevertheless, a district court has inherent authority to dismiss a frivolous complaint *sua sponte*. *See Mallard v. United States Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307-08, (1989) (courts have authority to dismiss a frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross v. Baron*, 493 Fed. App'x 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte*, even when plaintiff has paid the filing fee, noting that

---

[2] A federal court does not act as an advocate for a self-represented claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

"district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources").

This court has attempted to determine the nature of the cause of action from a generous construction of the papers, but colorable claims cannot be fashioned from the pleadings. It appears that Isra El is challenging the filing of traffic charges against him and the imposition of sentence and fines in Howard County. The Court is faced with Isra El's general admiralty and libel allegations and it is impossible to discern what claims are being brought by Isra El, how the named Defendants are culpable, why the Complaint was filed in this federal district court, and where this Court's subject matter jurisdiction originates.

This Court has the discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof; if it determines that the action is factually or legally fanciful. Given the materials presented before this Court, the Complaint shall be summarily dismissed without requiring amendment/supplementation or the issuance of summonses. A separate Order follows.

Date: May 31, 2016                    /s/
                                      William M. Nickerson
                                      Senior United States District Judge